JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:12-cv-01186-JHN-FMOx                         Date:  April 26, 2012
Title:      Aurora Loan Serv., LLC v. William J. Kay, et al.

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** ORDER GRANTING MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT (In Chambers)

The matter before the Court is Plaintiff Aurora Loan Services' ("Plaintiff") Motion to Remand Case ("Motion") filed on March 15, 2012. (Docket no. 7.) Defendants have not filed an opposition. The Court has read and considered the Motion and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for May 14, 2012 is removed from the Court's calendar. For the following reasons, the Court **GRANTS** the Motion and **REMANDS** the case to Los Angeles County Superior Court.

Under Local Rule 7-9, Defendants were required to file an opposition no later than twenty-one (21) days before the date set for hearing. Failure to do so may be deemed consent to the granting of the motion. *See* Local Rule 7-12. As no opposition has been filed, the Court deems Defendants' failure to file a written opposition as consent to the granting of the Motion. In addition, the Court has read and considered Plaintiff's Motion and determines that federal jurisdiction is lacking.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  2:12-cv-01186-JHN-FMOx     Date:  April 26, 2012
Title:    Aurora Loan Serv., LLC v. William J. Kay, et al.

burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.  *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).  Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Defendants removed this matter to federal court on February 10, 2012.  (Docket no. 1.)  However, the Court lacks jurisdiction to hear this case.  The Complaint's sole cause of action is for unlawful detainer, a state law claim.  No federal question is presented on the face of the Complaint.  Defendants predicate removal on anticipated defenses based on the Federal Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Code of Federal Regulations, and various provisions of the U.S. Constitution.  (Notice of Removal ¶¶ 10–14.)  However, a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the Plaintiff's complaint.  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).  Further, it appears that no diversity jurisdiction exists, as the demand is expressly limited to less than $10,000.  (Complaint 1, [Notice of Removal Ex. B].)

Defendants have failed to meet their burden of establishing jurisdiction.  Accordingly, the Court hereby **REMANDS** this case to the Superior Court of California, Los Angeles County.

IT IS SO ORDERED.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:12-cv-01186-JHN-FMOx                     Date:  April 26, 2012
Title:    Aurora Loan Serv., LLC v. William J. Kay, et al.

                                                                          ___: N/A
                                                        Initials of Preparer   AM